**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| JAI DEVON LEE, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO.: 7:23-CV-134 (WLS-TQL) |
| v. | : | |
| | : | |
| UNITED STATES MARSHAL SERVICE, | : | |
| | : | |
| Respondent. | : | |

## ORDER

Before the Court is a Recommendation filed by United States Magistrate Judge Thomas Q. Langstaff on February 21, 2024. (Doc. 5). The Magistrate Judge recommends the Court dismiss without prejudice Plaintiff's petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. 1) and deny as moot Petitioner's motion for injunctive relief (Doc. 3). The Magistrate Judge further recommends denying Petitioner a certificate of appealability ("COA") and denying leave to proceed on appeal *in forma pauperis* ("IFP").

Plaintiff was previously convicted in this Court of fraud and identity theft and sentenced to a term of imprisonment followed by a term of supervised release. *See United States v. Lee*, Case No. 7:15-CR-6-HL-TQL (M.D. Ga. Mar. 2, 2016). While on supervised release, Petitioner was arrested and charged with battery and criminal trespass. The United States Probation Office sought a warrant for Petitioner's arrest based on the alleged violation of his supervised release. (*Id.* at Pet. For Warrant, Doc. 140). Petitioner waived a preliminary revocation hearing and was placed in the Butts County Detention Center pending his final revocation hearing. (*Id.* at Text Only Minute Entry, Doc. 144). Petitioner filed the present action challenging his detention.

The Court conducted a final revocation hearing January 17, 2024. (*Id.* at Text Only Minute Entry, Doc. 160). The Court sentenced Petitioner to time served, to be followed by twenty months supervised release. (*Id.* at Revocation J., Doc. 162). The Magistrate Judge accordingly found that even if Petitioner's challenge to his pre-trial detention could properly

1

be considered under § 2241, his claim is now moot. Should Petitioner seek to challenge the imposition of a new term of supervised release, Petitioner must do so by filing a motion for relief in his criminal case under 28 U.S.C. § 2255.

The Magistrate Judge advised the parties they may serve and file written objections to the Recommendation within fourteen days of being served with the Recommendation. (Doc. 5, p. 5-6). More than fourteen days have passed without any objections being filed. The Court has reviewed the Recommendation (Doc. 5) and finds no plain error or manifest injustice therein. *See United States v. Aponte*, 461 F. App'x. 828, 830 n.2 (11th Cir. 2012); 28 U.S.C. § 636(b).

Following full review and consideration of the record, the Court finds the Recommendation (Doc. 5) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for reason of the findings made and reasons stated therein. The Court **DISMISSES without prejudice** Petitioner's request for habeas corpus relief. (Doc. 1). The Court **DENIES as moot** Petitioner's motion for injunctive relief. (Doc. 3). Finding no denial of a constitutional right and concluding that any appeal would not be taken in good faith, the Court **DENIES** Petitioner a COA and **DENIES** any motion to appeal IFP. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED**, this 17th day of April 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**